IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                 **CAUSE NO. 1:16cr80-LG-RHW**

**RHETT PETERS**

## AMENDED ORDER DENYING
## MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [60] Motion for Compassionate Release filed by the defendant, Rhett Peters, due to concerns over the coronavirus disease 2019 (COVID-19) pandemic. The Government has filed a response in opposition to the Motion, and Peters has filed a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Peters' Motion should be denied.

## BACKGROUND

On January 23, 2017, Peters pleaded guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to twenty years of imprisonment and three years of supervised release. He is currently serving his sentence at FCI Oakdale I ("FCI Oakdale") in Louisiana.

The timeline of Peters' request for home confinement is as follows:

- <u>March 28, 2020</u>: Peters allegedly hand delivered a request for home confinement to the Warden of FCI Oakdale;[1]

---

[1] (Def.'s Mot., at 2, ECF 60); (Def.'s Reply to Opp., Ex. 2, at 2, ECF 71-2).

- <u>April 10, 2020</u>: Peters claims he spoke with the Warden regarding the request but still received no resolution;[2]

- <u>April 15, 2020</u>: Peters filed a request for home confinement with FCI Oakdale, which was **denied** the same day;[3]

- <u>May 1, 2020</u>: Peters received a letter from the Warden stating, "[t]his is in response to your Inmate Request to Staff Member received on April 9, 2020, . . . you do not meet the criteria for Home Confinement."[4]

On May 6, 2020, Peters filed a *pro se* Motion for Compassionate Release with this Court. He claims that he has a high-risk of severe illness if he contracts COVID-19 because he suffers from hypertension, orthopedic rheumatology, and chronic asthma. He also claims that "13 people were positive" in his unit and "[a]t lease two men . . . have died." (Def.'s Reply to Opp., Ex. 2, at 1, ECF 71-2). Peters is "fearful [he] will contract the virus with continued exposure." *Id.* The Government opposes the Motion because it claims that Peters has not exhausted his administrative remedies. In the alternative, the Government argues that Peters has not demonstrated extraordinary and compelling reasons justifying release.

## DISCUSSION

A court can modify a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

---

[2] (Def.'s Mot., at 2, ECF 60).

[3] (Def.'s Mot., Ex. A, at 2, ECF 60-1).

[4] (Def.'s Reply to Opp., Ex. 3, ECF 71-3).

18 U.S.C. § 3582(c)(1)(A)(i), (ii). However, a defendant must first satisfy one of the two exhaustion avenues before a court can consider a motion for compassionate release: (1) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Allen*, No. 1:15cr36-HSO-RHW-1, 2020 WL 3159180, at *2 (S.D. Miss. June 12, 2020); *United States v. Martin*, No. 3:16-CR-70-DPJ-LRA, 2020 WL 3065302, at *2 (S.D. Miss. June 9, 2020). This Court interprets the "lapse" language in the second exhaustion method as having a futility component, that is, it applies only when the BOP has failed to respond to a compassionate release request within 30 days of its submission. *Allen*, 2020 WL 3159180, at *2; *Martin*, 2020 WL 3065302, at *3.

When an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider a motion to modify his sentence under the statute. In such cases, the defendant is subject to a four-step Bureau of Prisons ("BOP") grievance process: (1) informal resolution; (2) formal administrative grievance; (3) regional appeal; and (4) national appeal. *See* 28 C.F.R. §§ 542.13-542.15; *see also Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019); *Allen*, 2020 WL 3159180, at *3. Here, because Peters has filed an inmate request to the BOP for relief, and the BOP denied Peters' request, Peters must fully exhaust under the first exhaustion method. Peters' claim, that he hand delivered a request for home confinement to the Warden on March 28, 2020, is of no

-4-

significance as Peters submitted a request to the BOP on April 15, 2020, which was denied the same day. The subsequent denial cures any issues that may have arisen from the lapse of 30 days from the alleged March 28 request to the Warden's denial on May 1.[5] The Court is sympathetic to Peters' concerns caused by the COVID-19 pandemic. However, Peters is subject to the four-step BOP grievance process and this Court is unable to modify his term of imprisonment otherwise.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [60] Motion for Compassionate Release filed by the defendant, Rhett Peters, is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED** this the 22nd day of June, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[5] In addition, Peters did not submit any evidence of the alleged March 28, 2020, transaction with the Warden.