IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                              **CAUSE NO. 1:16CR80-LG-RHW-1**
                                                      **CIVIL ACTION NO. 1:18CV93-LG**

**RHETT PETERS**

## ORDER DENYING MOTION TO RECONSIDER

**BEFORE THE COURT** is the [96] *Pro Se* Reply to the United States' Response to Motion to Vacate filed by Petitioner, Rhett Peters. The Court denied Peters' [74] Motion to Vacate on June 11, 2021. (*See* Order, ECF No. 92). Thereafter, on June 14, 2021, Peters filed a [93] Motion for Extension of Time to file a Reply. The Court denied Peters' [93] Motion as moot on June 15, 2021. (*See* TEXT ONLY ORDER, June 15, 2021). On July 19, 2021, Peters filed a [94] Motion to Amend the TEXT ONLY ORDER entered by the Court, which the Court granted. (*See* Order, ECF No. 95). Peters then filed the instant Reply on August 10, 2021, which the Court construes as a Motion to Reconsider under Fed. R. Civ. P. 59(e).

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted). Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted). Rule 59(e) is an extraordinary remedy and

should be used sparingly. *Id.* at 479. To prevail, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence. *Id.* The decision to reopen a case is within the sound discretion of the district court. *See Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008).

In the instant Motion, Peters reargues his ineffective assistance of counsel claim he made in his [74] Motion to Vacate. He specifically states that the "explicit terms of the appellate/collateral attack waiver in [Peters'] plea agreement states that claims of ineffective assistance of counsel are excluded from such waiver." (Mot., at 3-4, ECF No. 96). Peters seeks an evidentiary hearing on the matter and compares the proceedings here to the Fifth Circuit's decision in *United States v. Jolley*, 252 F. App'x 669 (5th Cir. 2007).

A district court need not hold an evidentiary hearing when considering a § 2255 motion where "'the motion and the files and the records of the case *conclusively show* that the prisoner is entitled to no relief.'" *Jolley*, 252 F. App'x at 670 (quoting *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990)) (emphasis in original). Peters' reliance on *Jolley* is mistaken, as *Jolley* involved a case of "dueling affidavits," whereas the issues presented in this case were discussed in open court, provided as written objections, and supported by existing law. (*See* Order, at 4-8, ECF No. 92). The Court finds that there were no contested fact issues that were not supported by other evidence in the record. *See Jolley*, 252 F. App'x at 670-71.

Peters seeks a rehearing on the merits, and thus, fails to state a basis for relief pursuant to Rule 59(e). Therefore, his Motion to Reconsider is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [96] *Pro Se* Reply to the United States' Response to Motion to Vacate filed by Petitioner, Rhett Peters, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 20th day of August, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE