IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                    **CAUSE NO. 1:16CR80-LG-RHW-1**

**RHETT PETERS**

### ORDER TRANSFERRING SUCCESSIVE MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

**BEFORE THE COURT** is the [101] Motion to Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by Defendant Rhett Peters. For the reasons that follow, the Court finds that the Motion is a successive motion that should be transferred to the United States Court of Appeals for the Fifth Circuit.

Peters pled guilty to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). The Court sentenced him to a term of imprisonment of 240 months and a three-year period of supervised release. He was also ordered to pay a $100.00 assessment and a $5,000 fine. Peters is currently serving his sentence at FPC Montgomery in Montgomery, Alabama, and is set to be released on October 6, 2032.

Peters filed his first 2255 Motion on March 29, 2018, alleging, inter alia, that his attorney failed to file a Notice of Appeal when requested. On February 13, 2019, the Court granted Peters' Motion and granted him leave to file an out-of-time appeal of his conviction and sentence. (Order, ECF No. 49). The Court determined that the remainder of Peters' 2255 [42] Motion was moot. Peters filed a Notice of

Appeal, but his appeal was dismissed because he had waived his right to appeal when he pled guilty.

Peters filed his second § 2255 Motion on November 30, 2020, alleging that his former attorney provided ineffective assistance by: (1) failing to challenge the prosecution's breach of plea agreement at sentencing, (2) failing to ensure that Peters received a bargained-for sentence reduction for substantial assistance to the authorities, (3) failing to obtain and present available evidence and develop relevant legal arguments in support of Peters' PSR objections, (4) failing to research the law and facts to the base offense level enhancement imposed for possession of a firearm during commission of the drug-related offense, and (5) failing to appeal the Court's imposition of a two level enhancement under § 2D1.1(b)(5) of the sentencing guidelines for the imported nature of the methamphetamine.  This Court denied Peters' second Motion in [92, 97] Orders entered on June 11, 2021, and August 20, 2021.

On April 17, 2023, Peters filed the instant § 2255 Motion, alleging that this Court erred in imposing an importation enhancement to his sentence pursuant to *Concepcion v. United States*, 142 S. Ct. 2389, 2398 (2022), and *United States v. Robinson*, No. 3:21-CR-14-CWR-FKB-2, 2022 WL 17904534, at *2 (S.D. Miss. Dec. 23, 2022).  He argues that the purity of methamphetamine is no longer probative of a defendant's culpability and that "the better way to determine culpability is to examine all of the circumstances of the defendant's case and life while seeing the defendant as a 'whole person' . . . ." (Def.'s Mot. at 3, ECF No. 101).

The instant motion must be considered a successive motion under 28 U.S.C. §§ 2244 and 2255.  *See United States v. Hernandez*, 708 F.3d 680, 681 (5th Cir. 2013) (citing 28 U.S.C. § 2255(h)).  To overcome the prohibition against the filing or successive claims, Peters must establish that the motion contains claims based on

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Before the Motion can be considered on the merits by this Court, Peters must obtain certification from the United States Court of Appeals for the Fifth Circuit to file this second or successive motion by making a prima facie showing to that appellate court as required by § 2255.  Until Peters obtains such certification, this Court is without jurisdiction to proceed.  *See in re Hartzog*, 444 F. App'x 63, 64-65 (5th Cir. 2011) (citing *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [101] Motion to Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by Defendant Rhett Peters is **TRANSFERRED TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**.

**SO ORDERED AND ADJUDGED** this the 24th day of April, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE