# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                              CAUSE NO. 1:16cr80-LG-RHW-1

**RHETT PETERS**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE

Defendant Rhett Peters once again seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The majority of Defendant's [110] Motion is an attempt to reassert Section 2255 claims previously rejected by the Fifth Circuit. He also seeks compassionate release because he claims he is serving an unusually long sentence. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that Defendant's Motion should be denied.

## BACKGROUND

Peters pled guilty to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). On May 5, 2017, the Court sentenced him to 240 months of imprisonment and three years of supervised release. Judgment [38] at 2–3. He previously filed a [60] Motion for Compassionate Release that was denied by this Court in June 2020. He has also filed three prior [42, 74, 101] Motions pursuant to 28 U.S.C. § 2255. In his third § 2255 Motion, Peters challenged the Court's application of the importation enhancement under U.S.S.G. §2D1.1(b)(5), and he asked this Court "to consider the entire 'Brady File' for Agent Benjamin Taylor and his recent firing due to findings he 'manufactured

and produced fraudulent . . . evidence' in a personal case." Def.'s Mot. [101] at 4. This Court transferred Peters' Motion to the Fifth Circuit because it was successive. The Fifth Circuit denied Peters' Motion for Authorization to File a Successive § 2255 Motion. *In re Rhett Peters*, No. 23-60215 (5th Cir. June 20, 2023).

In the present Motion, Peters once again seeks a reduction in sentence based on the investigating agent's misconduct in an unrelated case. He also reasserts his claim that the Court improperly relied on the agent's statements when determining the purity and quantity of the methamphetamine for which he was held accountable. Furthermore, Peters discusses the COVID-19 outbreak, and he claims that his sentence is unusually long. Finally, he asserts that he "has been participating in evidence based [sic] recidivism reducing programs and other productive activities since arriving in F.B.O.P. custody." Def.'s Mot. [110] at 10–11.

## DISCUSSION

### I. CLAIMS RELATED TO THE INVESTIGATING AGENT

The Fifth Circuit has held that prisoners cannot use a motion for compassionate release "to challenge the legality or the duration of his sentence." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). Challenges of that nature must be filed pursuant to § 2255. *Id.*; *see also Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) ("Section 2255 is the primary means of collaterally attacking a federal sentence."). Defendant's arguments related to the investigating agent's misconduct in another case constitute a successive § 2255 petition over which this Court does not have jurisdiction. *See United States v. Santora*, 711 F.2d

41, 42 n.1 (5th Cir. 1983) ("As a general proposition, review of the merits of a federal prisoner's claim is not circumscribed by the label attached."). Since the Fifth Circuit has previously denied Defendant permission to file a successive motion on the same grounds, this Court lacks jurisdiction to consider Defendant's current, successive § 2255 motion. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A); *see also United States v. Parker*, 927 F.3d 374, 378–79 (5th Cir. 2019). Defendant's Motion is dismissed for lack of jurisdiction to the extent he seeks a reduction in sentence based on an agent's misconduct.

## II. COMPASSIONATE RELEASE CLAIMS

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(b). For example, a court may modify a term of imprisonment once it has been imposed if it finds that "extraordinary and compelling reasons warrant such a reduction," and so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement requires the court to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, when considering whether to reduce a sentence. U.S.S.G. § 1B1.13(a).

### A. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to authorize courts to grant a motion for sentence reduction upon a defendant's own motion,

rather than only upon motion of the Director of the Bureau of Prisons. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018). In *United States v. Franco,* the Fifth Circuit found that the text of the First Step Act "outlines two routes a defendant's motion can follow to be properly before the court." 973 F.3d 465, 467 (5th Cir. 2020). Both routes begin with the defendant asking the Bureau of Prisons to file a motion on the defendant's behalf. *Id.* While this "requirement is *not* jurisdictional, it *is* mandatory." *Id.* (emphasis in original). As a result, a defendant is required to exhaust his administrative remedies by submitting a request to the Bureau of Prisons prior to filing his own motion in federal court. *Id.*

Defendant argues that he previously exhausted his administrative remedies by submitting a request to the Bureau of Prisons prior to filing his first Motion for Compassionate Release.[1] Defendant filed an April 2020 request with the Bureau of Prisons in which he alleged that he was more susceptible to COVID because he had asthma. In the current Motion, Defendant seeks compassionate release based primarily on different grounds. It is questionable whether a prior, unrelated request to the Bureau of Prisons satisfies the exhaustion requirement. *See United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021) (holding that each issue must first be presented to the Bureau of Prisons); *United States v. Williams*, 987 F.3d 700, 703–04 (7th Cir. 2021); *United States v. Reeve*s, No. 3:18-CR-0313, 2020 WL

---

[1] Defendant claims that he "again notified the warden (F.P.C. Montgomery) in August 2024," but he has not produced evidence to support this assertion.

3895282, at *2 (N.D. Tex. July 10, 2020); *United States v. Silcox*, No. 3:17CR134-TAV-HBG-1, 2020 WL 4341758, at *2 (E.D. Tenn. July 28, 2020) (collecting cases); *but see United States v. Ferguson*, 55 F.4th 262, 269 (4th Cir. 2022) (holding that a compassionate release motion filed in district court is not limited "to only those grounds for compassionate release [the defendant] identified in his request to the BOP").  However, since the Fifth Circuit has not yet addressed this question and the Government has not raised the issue of exhaustion, the Court will consider Defendant's Motion on the merits.  *See United States v. Miller*, No. 21-3311, 2021 WL 4467781, at *2 (6th Cir. Sept. 2, 2021).

### B. COVID-19 PANDEMIC

Defendant's first [60] Motion for Compassionate Release was based on the COVID-19 pandemic.  Defendant briefly discusses COVID in the current Motion, but he admits it no longer poses an imminent threat.  To the extent he may be seeking compassionate release due to COVID in the present Motion, his request is not well-taken.  He has not alleged that he has any current health issues that make him susceptible to serious illness from COVID, and there is no evidence of an "ongoing outbreak of infectious disease, or an ongoing public health emergency declared by the appropriate federal, state, or local authority."  *See* U.S.S.G. § 1B1.13(b)(1)(D).  Furthermore, there is no evidence that Defendant has contracted COVID since being incarcerated, or that he currently faces a serious threat of contracting the virus.

### C. UNUSUALLY LONG SENTENCE

"[P]risoners have extraordinary and compelling reasons for relief 'only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner.'" *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) (quoting *Escajeda*, 58 F.4th at 186)). The Sentencing Guidelines provide that a change in the law may be considered when "determining whether the defendant presents an extraordinary and compelling reason" if a defendant received an unusually long sentence and has served at least ten years of the term of imprisonment. U.S.S.G. § 1B1.13(b)(6).

Peters has not demonstrated that he qualifies for a sentence reduction based on an unusually long sentence. First, he has not identified an applicable change in the law. Second, he was arrested in September 2016, so he has not served at least ten years of his sentence.

### D. REHABILITATION

Defendant has not provided facts and/or evidence supporting a finding of rehabilitation. Even if he had, rehabilitation alone is insufficient to justify a sentence reduction. *See* 28 U.S.C. § 944(t); U.S.S.G. § 1B1.13(d). Therefore, none of Defendant's arguments support a finding of an extraordinary and compelling circumstance under 18 U.S.C. § 3582(c)(1)(A)(i).

### E. SECTION 3553 FACTORS

The Court further finds that the § 3553(a) factors do not weigh in favor of release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020) (citing 18 U.S.C. § 3553(a)). Defendant claims, without further elaboration or supporting evidence, that he "has demonstrated a willingness and desire to rehabilitate himself and reduce his risk of recidivism since arriving in F.B.O.P. custody. He plans to rejoin society, maintain steady employment and support his family." Def.'s Mot. [110] at 11.

Defendant is a career offender because he has been convicted of three controlled substance convictions. At sentencing, he was held accountable for a large quantity of methamphetamine in addition to cocaine hydrochloride. The offense level was increased due to his possession of two firearms. As a result, the guideline imprisonment range exceeded the twenty-year maximum term of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(C). Therefore, contrary to Defendant's assertions, the § 3553(a) factors do not support a sentence reduction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's [110] Renewed Motion for Compassionate Release is **DENIED**.

-8-

**SO ORDERED AND ADJUDGED** this the 8th day of September, 2025.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE